IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brandon Brant, | ) Case No. 8:14-cv-01799-RBH-JDA |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Warden Larry Cartledge; Chaplain Cooper; Lloyd Roberts; and Director of SCDC NFN Stirling, | ) |
| Defendants. | ) |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 45.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on April 29, 2014, against Defendants Warden Larry Cartledge ("Cartledge"), Chaplain Cooper ("Cooper"), Director of SCDC Stirling ("Stirling"), and Lloyd Roberts ("Roberts"), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and the South Carolina Religious Freedom Act ("SCRFA").[1] [Doc. 1.] On December 16, 2014, Defendants filed a motion for summary judgment. [Doc. 45.] By Order filed on December 17, 2014, pursuant to

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on April 29, 2014. [Doc. 1-5 (envelope marked received by prison mail room on April 29, 2014).]

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 46.] Plaintiff's response to the motion for summary judgment was filed on March 2, 2015. [Doc. 51.] Accordingly, the motion is ripe for review.

## BACKGROUND[2]

Plaintiff, who was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at the Perry Correctional Institute at all times relevant to the allegations in the Complaint,[3] brings this action to challenge SCDC official policy and decision to deny him the right to practice his desired religion—Odinism/Asatru. [Doc. 1.] He alleges that he, along with other SCDC inmates, has been requesting to practice Odinism/Asatru since 2011, and, after studying the request, the administration decided it will not recognize it as a religion because it is racist. [*Id.* at 3–5.] Plaintiff alleges that SCDC permits the practice of Kwanzaa, Rastafarianism, and Black Liberation Day, which are "specifically targeted for the black inmates." [*Id.* at 5.] He alleges a RLUIPA violation, a SCRFA violation, and constitutional due process and equal protection violations based on race and religious discrimination. [*Id.* at 6–7.] Plaintiff seeks declaratory and

---

[2] The facts included in this Background section are taken directly from Plaintiff's Complaint.

[3] Plaintiff has been transferred to the Broad River Correctional Institution and the Gilliam Psychiatric Hospital at the Kirkland Correctional Institution during the pendency of this action. [Docs. 26, 51 (notices of change of address).] Although Plaintiff has not filed any additional notices of change of address, his most recent filing was mailed from the Lieber Correctional Institution. [Doc. 51-1 (envelope listing return address as Lieber Correctional Institution).]

2

preliminary and permanent injunctive relief to require SCDC to recognize Odinism/Asatru as a religion and to permit Plaintiff to practice it the same way others practice their religions. [*Id.* at 8.]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's

position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The record reflects that Asatru was recognized as a religion by SCDC on September 9, 2014 and that, as of December 15, 2014, a draft of proposed guidelines for the Asatru faith was being reviewed by the General Counsel, the Deputy Director or Operations, the Deputy Director of Programs and Services, and the SCDC Director; the Branch Chief for Pastoral Services fully expected that the proposed guidelines would be adopted and implemented. [Doc. 45-2 ¶¶ 3–4.] Accordingly, Defendants argue Plaintiff's claims for injunctive relief are moot. [Doc. 45-1.] In his response in opposition to the motion for

6

summary judgment, Plaintiff indicates he is "satisfied with what [Defendants] have done" in approving Odinism/Asatru and drafting guidelines for the practice of Odinism/Asatru. [Doc. 51 at 1.]  Accordingly, it appears that Plaintiff agrees Defendants are entitled to summary judgment.[4]  However, out of an abundance of caution, the Court will address Defendants' mootness argument.

**RLUIPA and § 1983**

The Court notes that both parties failed to specifically address the applicability of RLUIPA's safe harbor provision, which provides that the government may avoid liability under RLUIPA "by changing the policy or practice that results in a substantial burden on religious exercise, by retaining the policy or practice and exempting the substantially burdened religious exercise, by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden." 42 U.S.C. § 2000cc-3(e).  While the Court is not aware of any Fourth Circuit Court of Appeals case interpreting this safe harbor provision, other courts have interpreted it under a mootness analysis.  *See, e.g.*, *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 762 (7th Cir. 2003) (holding RLUIPA's nondiscrimination provision inapplicable to the case because zoning amendments

---

[4]Plaintiff requests the Court to "make certain SCDC has added the guidelines for the practice of Asatru/Odinism in the Handbook of Inmate Religious Practice using the same (22) twenty-two page format they produced as Exhibit B." [Doc. 51 at 1.]  Defendants indicated they would file a supplemental affidavit and advise the Court once the guidelines for the practice of Asatru were fully adopted. [Doc. 45-1 at 3 n.1.]  To date, no supplemental affidavit has been filed.  Defendants shall notify the District Judge, within the time period for filing objections to this Report and Recommendation, whether the guidelines for the practice of Asatru have been fully adopted and are included in the Handbook of Inmate Religious Practice, which is attached as an appendix to SCDC policy PS-10.05.

corrected any violation); *McDaniels v. Fischer*, No. C10-823-MJP-JPD, 2011 WL 2976873, at *15 (W.D. Wash. June 17, 2011) (holding that RLUIPA's safe harbor provision applies to a case where an inmate's request for a Halal diet was denied for one month before it was granted); *Pogue v. Woodford*, No. CIV S-05-1873 MCE GGH P, 2009 WL 2777768, at *9 (E.D. Cal. Aug. 26, 2009) (holding that a plaintiff could not receive any prospective relief because "the changed, current regulations cannot be reasonably challenged as infringing on plaintiff's religious practice/beliefs"); *Boles v. Neet*, 402 F.Supp.2d 1237, 1240 (D. Colo. 2005) (holding a RLUIPA claim was moot because the prison changed its policy to allow an inmate to wear religious garments). This interpretation appears consistent with the plain language of § 2000cc-3(e), which relieves the government from liability upon a showing of a change in its policy or practice. Here, SCDC has now recognized Asatru as a religion and created guidelines to be included in the Handbook of Inmate Religious Practice, which is attached as an appendix to SCDC policy PS-10.05. Accordingly, RLUIPA does not provide Plaintiff a remedy for prospective relief.

Moreover, the Constitution limits this Court's jurisdiction to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The Supreme Court has held that voluntary cessation of challenged conduct moots a case only if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and the "heavy burden of persuading

8

the court that the challenged conduct cannot reasonably be expected to start up again lies with the defendant." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (quoting *United States v. Concentrated Phosphate Export Assn., Inc.*, 393 U.S. 199, 203, (1968)). Voluntary cessation will not render a case moot unless events have completely and irrevocably eradicated the effects of the alleged violation. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Here, Defendants are not likely to repeat the conduct challenged in the Complaint. The Complaint argues that SCDC's refusal to recognize Asatru as a religion has burdened Plaintiff's exercise of his religion and has violated Plaintiff's due process and equal protection rights. [Doc. 1.] As previously stated, SCDC now recognizes Asatru as a religion and has created guidelines that will be included in the Handbook of Inmate Religious Practice, which is attached as an appendix to SCDC policy PS-10.05. Based on this evidence, Defendants have met their burden to demonstrate that any allegedly wrongful behavior will not be repeated. SCDC has endeavored to recognize Asatru as a religion and to create guidelines for the practice of Asatru. The Court is aware of no evidence indicating that the recognition of Asatru as a religion is likely to be suspended. For these reasons, Plaintiff's claims for prospective relief under RLUIPA and § 1983 are moot, and Defendants' motion for summary judgment should be granted on these claims.

**State Law Claim**

Plaintiff's state law claim could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims

along with federal law claims.[5] Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." Here, the Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the motion for summary judgment filed by Defendants be GRANTED. Defendants shall notify the District Judge, within the time period for filing objections to this Report and Recommendation, whether the guidelines for the practice of Asatru have been fully adopted and are included in the Handbook of Inmate Religious Practice, which is attached as an appendix to SCDC policy PS-10.05.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 2, 2015
Greenville, South Carolina

---

[5] A civil action for Plaintiff's state law claim could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties. *See* 28 U.S.C. § 1332.

10