UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brandon Brant, | Civil Action No.: 8:14-cv-01799-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Warden Larry Cartledge, a/k/a Leroy Cartledge; Chaplain Cooper; Lloyd Roberts; and Director of SCDC NFN Stirling, | |
| Defendants. | |

Plaintiff Brandon Brant, a state prisoner proceeding pro se, filed a complaint against the above named Defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000,[1] and the South Carolina Religious Freedom Act.[2] *See* Complaint, ECF No. 1. Defendants answered and moved for summary judgment. *See* ECF Nos. 16, 21, & 45. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[3] *See* R & R, ECF No. 53. The Magistrate Judge recommends the Court grant Defendants' motion for summary judgment. R & R at 10.

---

[1] 42 U.S.C. § 2000cc *et seq.*

[2] S.C. Code Ann. §§ 1-32-10 to -60 (2005).

[3] The Magistrate Judge conducted her review of Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

No party has filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the R & R [ECF No. 53] of the Magistrate Judge is adopted and incorporated by reference. It is therefore **ORDERED** that Defendants' motion for summary judgment [ECF No. 45] is **GRANTED**.[4]

**IT IS SO ORDERED.**

Florence, South Carolina                                             s/ R. Bryan Harwell
August 3, 2015                                                          R. Bryan Harwell
                                                                                United States District Judge

---

[4] The Magistrate Judge stated in her R & R that "Defendants shall notify the District Judge, within the time period for filing objections to this Report and Recommendation, whether the guidelines for the practice of Asatru have been fully adopted and are included in the Handbook of Inmate Religious Practice, which is attached as an appendix to SCDC policy PS-10.05." R & R at 10. Defendants filed an affidavit verifying the South Carolina Department of Corrections has officially recognized Asatru and has adopted and included the guidelines for the practice of Asatru in its handbook. *See* ECF No. 57.